UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARGIE VASQUEZ, as Proposed Administrator of the Estate of David Vasquez,

                Plaintiff,

- against -

PELHAM PARKWAY NURSING CARE AND REHABILITATION FACILITY, LLC, doing business as Pelham Parkway Nursing Care and Rehabilitation Facility, ABC CORPORATION, and ABC PARTNERSHIP,

                Defendants.

**ORDER TO SHOW CAUSE**

22 Civ. 7691 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

       Defendant Pelham Parkway Nursing Care and Rehabilitation Facility, LLC ("Pelham") removed this case from state court on September 9, 2022. (Notice of Removal (Dkt. No. 2)) Pelham contends that this Court has subject matter jurisdiction because (1) Plaintiff's claims "arise under federal law, pursuant to 28 U.S.C. § 1331," because the Public Readiness and Emergency Preparedness Act ("PREP Act") "completely preempts [Plaintiff's claims]" (id. ¶ 26); (2) "important federal questions are embedded in the litigation of [the] Complaint within the meaning of" Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005) (id. ¶ 31); and (3) the federal officer removal statute, 28 U.S.C. § 1442(a)(1), warrants removal because "Defendant's response to the pandemic was at the specific direction and oversight of the federal government[] . . ." (id. ¶ 33). (See also Sept. 14, 2022 Def. Ltr. (Dkt. No. 3) at 2)

"The unanimous consensus is[, however,] that removal in cases such as this one is improper and remand is required." Ranieri v. Providence Rest, Inc., No. 22 CIV. 1030 (NRB), 2022 WL 2819411, at *1 (S.D.N.Y. July 19, 2022) (collecting cases).  As an initial matter, and contrary to Pelham's arguments, the "'consensus among federal courts [is] that the PREP Act does not completely preempt state law claims arising out of the COVID-19 pandemic.'" Feliciano v. Wayne Ctr. for Nursing & Rehab. LLC, No. 22 CIV. 5626 (AT), 2022 WL 16636607, at *2 (S.D.N.Y. Nov. 2, 2022) (quoting Rivera v. Eastchester Rehab. & Health Care LLC, No. 22-CV-02019 (CM), 2022 WL 2222979, at *3 (S.D.N.Y. June 21, 2022)).  Moreover, courts have found – in similar cases – that "removal is not proper under the Grable doctrine." See, e.g., Palma v. Cabrini of Westchester, No. 22 CV 5430 (VB), 2022 WL 4240823, at *5 (S.D.N.Y. Aug. 15, 2022); Shapnik v. Hebrew Home for Aged at Riverdale, 535 F. Supp. 3d 301, 320 (S.D.N.Y. Apr. 26, 2021).  Finally, "many district courts have found that hospitals that are following federal guidelines during the current pandemic emergency are not 'acting under' federal officers for the purpose of federal officer jurisdiction." Garcia v. New York City Health & Hosps. Corp., No. 20 CIV. 9970 (CM), 2021 WL 1317178, at *2 (S.D.N.Y. Apr. 8, 2021).

Accordingly, Pelham will show cause by **December 7, 2022**, why this case should not be remanded for lack of subject matter jurisdiction.

Dated:  New York, New York
        December 1, 2022

SO ORDERED.

_Paul S. Gardephe_
Paul G. Gardephe
United States District Judge